# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **DAVID ANDREW HUNT,** | } |
| **Petitioner,** | } |
| v. | } Case No.: 1:21-cv-08011-RDP |
| **UNITED STATES OF AMERICA,** | } |
| **Respondent.** | } |

## MEMORANDUM OPINION

Before the court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. (Doc. # 1).[1] The motion has been fully briefed. (Docs. # 1, 4). After careful review, and for the reasons discussed below, the Motion is due to be denied.

**I.    Background**

On September 21, 2016, Petitioner David Andrew Hunt ("Petitioner") pleaded guilty to the charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Cr. Docs. # 8, 36). At the plea hearing, Petitioner confirmed that he was satisfied with the representation and advice of his counsel. (Cr. Doc. # 36 at 5-6). The court explained the elements of 18 U.S.C. § 922(g)(1), and Petitioner affirmed that he understood the charge against him. (Cr. Doc. # 36 at 8-9). Petitioner had previously been convicted of the following felonies in the state of Alabama: second-degree assault, third-degree robbery, and two counts of second-degree robbery. (Cr. Doc. # 4 at 3).

---

[1] The court refers to documents relating to Hunt's underlying criminal case (1:16-cr-00224-RDP-HGD-1) as (Cr. Doc. #). Documents cited as (Doc. #) refer to documents relating to the present matter.

On May 10, 2017, the court entered judgment against Petitioner and sentenced him to a term of 189 months, finding that his prior felonies subjected him to the enhanced penalty under the Armed Career Criminal Act ("ACCA"). 18 U.S.C. § 924(e); (Cr. Docs. # 26, 37). The United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction on August 14, 2019. (Cr. Doc. # 38). On October 30, 2019, the Eleventh Circuit vacated its prior decision and issued a revised opinion again affirming Petitioner's conviction. (Cr. Doc. # 40-1). The United States Supreme Court denied certiorari on June 8, 2020. (Cr. Doc. # 41).

**II.    Standard of Review**

Section 2255 authorizes a federal prisoner to move in the court of conviction to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Such a motion is subject to heightened pleading requirements which mandate that the motion must specify all the grounds of relief and state the facts supporting each ground. *See* Rules 2(b)(1) & (2), Rules Governing § 2255 Proceedings; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994). When a § 2255 motion is filed, it is subject to preliminary review, at which time the court is authorized to dismiss the motion summarily "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or post-conviction relief when his claims fail to state a cognizable claim or amount to only conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. *See Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

A petitioner bears an especially heavy burden when he collaterally attacks a sentence imposed on the basis of a guilty plea. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014). Because dispositions by guilty plea must be "accorded a great measure of finality," "the representations of the defendant, his lawyer, and the prosecutor at a plea hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Id.* (internal quotation marks and brackets omitted). Where "the record reflects the procedures of plea negotiation and includes a verbatim transcript of the plea colloquy, a petitioner challenging his plea will be entitled to an evidentiary hearing only in the most extraordinary circumstances." *Id.* (internal quotation marks omitted). A prisoner may not successfully challenge his guilty plea through "[t]he subsequent presentation of . . . contentions that in the face of the record are wholly incredible." *Id.* (internal quotations omitted). Indeed, such challenges are "subject to summary dismissal" without an evidentiary hearing. *Id.*

The Eleventh Circuit has held that "a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that [the Court of Appeals] rejected in his direct appeal." *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) (citations omitted). Indeed, this court "is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). Here, Petitioner is procedurally barred from raising the arguments that he makes in his § 2255 motion because they have already been raised on appeal and rejected. *Stoufflet*, 757 F.3d at 1239.

### III. Discussion

Because Petitioner filed his motion within one year of the judgment becoming final, his motion is timely. *See* 28 U.S.C. § 2255(f)(1); (Cr. Docs. # 26, 37). The record reveals that the court

abided by the proper procedures of plea negotiation, includes a verbatim transcript of the plea colloquy, and shows that Petitioner affirmed that he understood the charge against him. (Cr. Doc. # 36 at 6-19). The court also explained the ACCA, and Petitioner stated that he understood the statute and its implications. (Cr. Doc. # 36 at 12-13). Thus, the Petitioner will have to "overcome a formidable barrier" in overturning his present conviction. *Winthrop-Redin*, 767 F.3d at 1216.

### A.     Plaintiff's Arguments

Petitioner first argues that, under the Alabama statute, robbery has no elements and is therefore not a violent felony subject to the ACCA. (Doc. # 1 at 4-5). He further argues that his prior convictions do not satisfy the "resistance" requirement of the ACCA because the Government failed to prove that there was sufficient force to overcome resistance. (Doc. # 1 at 6). Finally, Plaintiff argues that robberies under the Alabama statute are broader and vaguer than the "generic robberies" that are violent felonies under the ACCA. (Doc. # 1 at 7-8).

#### 1.     Robbery Under Alabama Law Contains Elements

Petitioner's first argument is that the offense of robbery under Alabama statutory law contains no elements and is thus not a violent felony subject to the ACCA. (Doc. # 1 at 4-5). Petitioner is mistaken in his assertion that Alabama robbery has no elements. Alabama's third-degree robbery statute states:

> A person commits the crime of robbery in the third degree if in the course of committing a theft he: (1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or (2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.

Ala. Code § 13A-8-43. Alabama's second-degree robbery statute includes the same elements and also requires an additional showing that the person be "aided by another person actually present." Ala. Code § 13A-8-42. Petitioner's argument is without merit as robbery under Alabama law

4

clearly contains elements and is subject to a "summary dismissal." *Winthrop-Redin*, 767 F.3d at 1216.

### 2. Alabama Second Degree and Third Degree Robbery Are ACCA Predicate Offenses

Petitioner's second argument is that the Government failed to prove that there was sufficient force to overcome resistance and that his prior convictions therefore do not satisfy the "resistance" requirement of the ACCA. (Doc. # 1 at 6). This claim is both (1) procedurally barred and (2) substantively without merit.

Petitioner's argument essentially contends that Alabama's second and third-degree robbery charges do not require an element of physical force and therefore cannot constitute violent felonies under the ACCA. (Doc. # 1 at 4-6). However, Petitioner himself admits that he raised these issues on appeal. (Doc. # 1 at 5-6). Indeed, the Eleventh Circuit's opinion from Petitioner's appeal states that, "[Petitioner] contend[s] that the use-of-force element in Alabama's robbery statute merely requires the offender to use enough force (or threat of force) to overcome the victim's resistance, and that such force does not amount to violent force within the meaning of the ACCA." *United States v. Hunt*, 941 F.3d 1259, 1261 (11th Cir. 2019) (per curium). In response to Petitioner's argument, the Eleventh Circuit explained that "Alabama's statutory scheme utilizes the same use-of-force element for all three degrees of robbery, and our decision in *Welch* holds that force sufficient to overcome the victim's resistance is enough to make an offense a violent felony under the ACCA. *Id.* at 1262 (citing *In re Welch*, 884 F.3d 1319 (11th Cir. 2018)). The Eleventh Circuit flatly rejected Petitioner's argument and found that "Alabama second-degree and third-degree robbery are ACCA predicate offenses." *Id.*. Because this argument has already been raised and rejected on appeal, it is due to be denied as substantively incorrect and procedurally barred. *Stoufflet*, 757 F.3d at 1239.

### 3. Petitioner's Final Arguments Are Not Cognizable Claims

Petitioner's third and fourth contentions appear to essentially be the same argument: that robberies under the Alabama statute are broader and vaguer than the "generic robberies" that are violent felonies under the ACCA. (Doc. # 1 at 7-8). The argument that Alabama robbery is broad and vague is not a cognizable claim. Furthermore, the implication of this argument is that Alabama robbery is different from the violent felonies under the ACCA and, therefore, Alabama robbery cannot serve as a predicate felony leading to an enhanced penalty under the ACCA. However, as discussed above, the Eleventh Circuit has directly rejected this argument when it ruled that "because Alabama robbery has an element that requires force with the intent to overcome the physical resistance of another . . . Alabama second-degree and third-degree robbery are ACCA predicate offenses." *Hunt*, 941 F.3d at 1261. Because Petitioner's arguments have already been decided adversely on direct appeal, they are procedurally barred here and are due to be denied on the merits. *Stoufflet*, 757 F.3d at 1239.

### IV. Conclusion

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. # 1) is due to be denied. A separate order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this July 24, 2023.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE